NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH C. PAYNE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1231

---

Petition for review of the Merit Systems Protection Board in No. DC-4324-22-0599-I-1.

---

Decided: November 7, 2023

---

JOSEPH C. PAYNE, Millsboro, DE, pro se.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

Joseph Payne appeals from a decision of the United States Merit Systems Protection Board ("the Board") dismissing his appeal in the interest of adjudicatory efficiency. *Payne v. U.S. Postal Serv.*, No. DC-4324-22-0599-I-1, 2022 WL 9464682 (M.S.P.B. Oct. 14, 2022) ("*Decision*"); R.A.[1] 1–12.  For the following reasons, we *affirm*.

BACKGROUND

On September 21, 2021, Payne filed an appeal at the Board challenging the United States Postal Service's failure to promote him to a Vehicle Operations and Maintenance Assistant ("VOMA") position in 2008. *Payne v. U.S. Postal Serv.*, No. PH-3443-21-0363-I-1, 2022 WL 909504 (M.S.P.B. Mar. 25, 2022); R.A. 15–25.  The administrative judge assigned to that first appeal determined that Payne intended to raise claims under the Veterans Employment Opportunities Act of 1998 ("VEOA") and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").  R.A. 17.  The administrative judge dismissed the VEOA claim as untimely and suspended the case for discovery on the USERRA claim.  *Id.*  While that case was suspended, Payne filed an appeal in this court. *Payne v. U.S. Postal Serv.*, No. 2022-1419, 2022 WL 1197334, *1 (Fed. Cir. 2022).  That appeal was dismissed for lack of jurisdiction because the USERRA claim was still pending, and no decision had yet issued.  *Id.*  The administrative judge later issued an initial decision dismissing the USERRA claim on the basis of laches.  R.A. 18–19.  Payne then petitioned for review by the full Board.  *Decision*, R.A. 3.

On August 22, 2022, while the petition for review was pending, Payne filed a second appeal at the Board.  *Id.*, R.A. 1.  The administrative judge assigned to the second

---

[1]    R.A. refers to the Respondent's Appendix.

appeal reviewed Payne's filings and determined that he was asserting the same claims based on the same facts as in the first Board appeal. *Id.*, R.A. 2. The administrative judge ordered Payne to show cause why the second appeal should not be dismissed for adjudicatory efficiency based on the pending petition for review of the first Board appeal. *Id.*, R.A. 3. The administrative judge found Payne's subsequent filings to be unresponsive and dismissed the second appeal. *Id.*, R.A. 3–4.

Payne did not file a petition for review of his second appeal to the Board; the administrative judge's initial decision thus became the final decision of the Board on November 18, 2022. 5 C.F.R. § 1201.113. Payne timely appealed the decision dismissing his second appeal to the Board for adjudicatory efficiency, and we have jurisdiction under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

A Board decision may only be set aside if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner "bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Payne does not argue that his second appeal to the Board presented different claims from the first and was therefore wrongly dismissed for adjudicatory efficiency. Indeed, none of his hundreds of pages of appendix materials address that basis of dismissal. Instead, he presents arguments relating to the merits of his claim: his non-selection for a VOMA position by the United States Postal Service in 2008. Pet. Br. 2. Payne argues that it was customary at the post office where he worked to award the VOMA position to the most experienced applicant and that at the time of his non-selection he was the most experienced applicant

because he had performed the most hours of vehicle maintenance. *Id.* at 2–4. He therefore requests that this court provide both back pay from 2008 to his retirement in 2015, as well as elevated post-retirement pay. *Id.* at 3. But none of these arguments addresses the Board's purported error under review—dismissal on the basis of adjudicatory efficiency—and our review is generally limited to the grounds upon which the record discloses that the Board's action was based. *Killip v. Off. of Personnel Mgt.*, 991 F.2d 1564, 1568–69 (Fed. Cir. 1993) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

Based on our review of the record, we conclude that the administrative judge did not err in finding that Payne raised the same claim based on the same facts in the first Board appeal. Payne's petition for review of the first appeal was still pending when the administrative judge dismissed the second appeal. *See Decision*, R.A. 1–12; *Payne v. U.S. Postal Serv.*, No. PH-3443-21-0363-I-1, 2023 WL 4359452 (M.S.P.B. July 5, 2023). When an appellant files an appeal with the Board that presents the same claims as an earlier appeal and the earlier appeal remains pending before the full Board, an administrative judge does not violate the law in dismissing the later appeal in the interest of adjudicatory efficiency. We see no reason to draw a different conclusion here.

## CONCLUSION

We have considered Payne's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**

## COSTS

No costs.